Pasang v. Sessions

BIA
Schoppert, IJ
A205 440 632

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand seventeen.

PRESENT:
  BARRINGTON D. PARKER,
  DEBRA ANN LIVINGSTON,
  GERARD E. LYNCH,
   *Circuit Judges.*

_____

TENZIN PASANG,
  *Petitioner,*

  v.            16-2209
              NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:   Stuart Altman, New York, NY.

FOR RESPONDENT:   Chad A. Readler, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Meadow Platt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Tenzin Pasang, a native and citizen of the People's Republic of China, seeks review of a June 3, 2016, decision of the BIA affirming a March 24, 2015, decision of an Immigration Judge ("IJ") pretermitting his asylum application as untimely.  *In re Tenzin Pasang,* No. A205 440 632 (B.I.A. June 3, 2016), *aff'g* No. A205 440 632 (Immig. Ct. N.Y. City Mar. 24, 2015).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

We lack jurisdiction to review the agency's pretermission of Pasang's asylum application as untimely because he does not raise a colorable constitutional claim or question of law.  *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).  He failed to exhaust his argument that changed circumstances in China and India excused the untimely filing of his application.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121-22 (2d Cir. 2007).  And, contrary to Pasang's contention, the agency did not find the regulatory list of extraordinary circumstances exhaustive, but rather noted that Pasang's claim that he waited longer than

2

one year to apply for asylum on the advice of his religious tour guide did not fall within that list and further concluded that his choice to delay based on that advice did not otherwise constitute extraordinary circumstances. Accordingly, Pasang has not raised a constitutional claim or question of law over which we may exercise jurisdiction. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).

Pasang abandons any claim that he should have been granted asylum or withholding of removal as to India. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (holding that petitioner abandoned issues and claims not sufficiently raised in his brief).

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3